■ In the Matter of the Claim of WARD COSTELLO, Appellant. ROY WINSOR PRODUCTIONS, INC., Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— GREENBLOTT, J. Appeal by claimant from a decision of the Unemployment Insurance Appeal Board filed June 14, 1966, disqualifying claimant from receiving unemployment insurance benefits effective September 25, 1965, for voluntarily leaving his employment without good cause (Labor Law, § 593, subd. 1, par. [a]). Claimant, an actor, was employed to play a leading character in a television program series under a series of contracts covering 13-week cycles. He was guaranteed a minimum number of programs. The contracts covered a period of eight cycles from October 21, 1963 until September 24, 1965. Claimant received $200 per performance for the first two cycles; $225 per performance for the next two cycles and $250 per performance for the last four cycles. He was guaranteed 20 performances in the first cycle and 26 performances for each cycle thereafter. He actually

performed in 29 performances in the first cycle and thereafter performed from 25 to 32 performances in each of the other cycles. The employer, by letter dated August 24, 1965, offered claimant a new employment contract commencing September 27, 1965, for 26 weeks at $250 per performance with payment guaranteed for 40 performances. Claimant immediately rejected this offer by letter dated August 26, 1967 wherein he wrote: "I regret, though you really must expect, that there is no further need to discuss terms of any kind. Starting September 27th I plan to take the vacation I was entitled to but never asked for. After that I will have other plans." Claimant contends that because his total guaranteed salary was being reduced by 23% and because his part in the production was being de-emphasized, he would lose both money and status as a result of the new contract. The board found that the claimant did not have good cause to leave his employment under the Unemployment Insurance Law, noting that "claimant did accept employment with the employer herein knowing that he was portraying a particular actor in a particular series and that the prominence of this actor in the series would vary in accordance with the desires of the writer and the producer"; and that because his "compensation per performance would remain the same, his standing as an actor would not be hurt in that regard"; and finally that the fact that "the reduction in guaranteed performances which would probably lead to a reduction in actual performances does not appear to have been of such proportions as to change claimant's status from a leading actor to a supporting actor." We cannot find as a matter of law that the board erred in its conclusion. The question of whether this was a voluntary leaving without good cause is a factual determination for the board. (*Matter of Liebermann* [*Catherwood*], 25 A D 2d 903; *Matter of Amato* [*Catherwood*], 26 A D 2d 599.) Claimant's letter refusing the employer's offer supports the board's conclusion. In addition, the board was not bound to find that claimant's compensation per performance under the proposed new contract and the reduction in guaranteed performances was of such proportions as to change his status from a leading actor to a supporting actor. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Greenblott, J.